UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:23-cv-08067-CAS(JCx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb, Inc. et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Seri Katten-Wright     Kajsa Minor

Proceedings:    ZOOM HEARING RE: DEFENDANT AIRBNB, INC.'S MOTION TO COMPEL ARBITRATION OF THE CLAIMS OF PLAINTIFF CODY GURULE AND TO STAY HIS CLAIMS PENDING ARBITRATION (Dkt. 17, filed on October 19, 2023)

## I. INTRODUCTION

On September 25, 2023, plaintiff Cody Gurule filed a complaint against defendants Airbnb, Inc., Valiant Group of California LLC, Valiant Music Group, Nashawn Durden, Ashton Tyler Enoch, Sire Alexander Durden, and Does 1 to 100 (collectively "defendants") in Los Angeles County Superior Court. See dkt. 1-1 ("Compl."). Plaintiff asserts claims for (1) negligence; (2) premises liability; (3) assault; (4) battery; (5) false imprisonment; (6) intentional infliction of emotional distress; and (7) negligent supervision, training, and hiring. Id. at 6-14. On September 26, 2023, defendant Airbnb removed the case to this court on the basis of diversity jurisdiction. Dkt. 1 ¶ 4.

On October 19, 2023, Airbnb filed the instant motion to compel arbitration. Dkt. 17 ("Mot."). On November 13, 2023, plaintiff filed his opposition. Dkt. 20 ("Opp."). On November 20, 2023, Airbnb filed its reply. Dkt. 21 ("Reply").

On December 4, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Cody Gurule is a resident of Phoenix, Arizona. Compl. ¶ 3.

Defendant Airbnb is a Delaware corporation conducting business in Los Angeles, California. Id. ¶ 4. Defendant Valiant Group of California LLC is a California LLC. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:23-cv-08067-CAS(JCx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb, Inc. et al. | | |

¶ 5. Defendant Valiant Music Group is a subsidiary of Valiant Group of California LLC. Id. ¶ 6. Defendants Nashawn Durden ("Nashawn"), Ashton Tyler Enoch, and Sire Alexander Durden ("Alexander") are all citizens of California residing in Los Angeles County, California. Id. ¶ 7-9.

Plaintiff alleges that defendants owned, managed, supervised employees and agents, and/or operated an Airbnb rental housing unit located at 1432 West 106th Street Unit 2, Los Angeles, California 90047 (the "property"). Id. ¶ 12. Defendant Nashawn is allegedly the owner of the property and resides on the premises.

On October 20, 2022, plaintiff registered for an Airbnb account and allegedly agreed to be bound by Airbnb's Terms of Service ("TOS"). Mot. at 2. The TOS contains the following language:

> Section 23 of these Terms contains an arbitration agreement and class action waiver that apply to all claims brought against Airbnb in the United States. Please read them carefully.
>
> 23.4 Agreement to Arbitrate. You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content (collectively, "Disputes") will be settled by binding individual arbitration (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue. Id. at 3-4.

Plaintiff booked a stay at the property and was scheduled to checkout sometime late in the morning of October 30, 2022. Compl. ¶ 14. At approximately 2:00am on October 30, 2022, plaintiff returned to the property and realized he had been locked out. Id. ¶ 14. Plaintiff subsequently knocked on Nashawn's door to inquire as to why the lock had changed. Id. ¶ 17. Nashawn, Enoch, and Alexander opened the door. Id. ¶ 16. The parties had a verbal exchange which escalated into a physical confrontation when plaintiff allegedly "saw one of the [d]efendants standing behind [Nashawn] pull out a knife and begin to lunge towards [plaintiff]." Id. ¶ 17. Plaintiff allegedly attempted to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-08067-CAS(JCx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb, Inc. et al. | | |

draw his gun in self-defense and fired one gunshot before he was pinned and stabbed over 20 times. Id. He now brings this suit against the defendants.

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).

When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal.4th 951, 972 (1997).

## IV. DISCUSSION

Airbnb argues that plaintiff "assented to a valid and enforceable arbitration provision when he accepted the TOS." Mot. at 5-6. This provision "clearly and unmistakably delegates issues of arbitrability to the arbitrator." Id. at 6 (capitalization omitted). Airbnb contends that "courts around the country have enforced Airbnb's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-08067-CAS(JCx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb, Inc. et al. | | |

delegation clause, explaining that it 'is neither silent not ambiguous, and specifically designates the arbitrator to decide disputes about whether the arbitration agreement is enforceable or applicable.'" Id. at 7 (internal citation omitted). Alternatively, even if the Court were to reach the question of arbitrability, Airbnb asserts that plaintiff's claim falls within the scope of the arbitration provision as a claim "arising out of or relating to these terms . . . or any use of the Airbnb Platform . . . ." Id. at 8. Finally, Airbnb claims that "[t]he FAA mandates that the Court stay [p]laintiff's claims pending arbitration." Id.

In opposition, plaintiff argues that the arbitration provision here is both procedurally and substantively unconscionable. Regarding procedural unconscionability, plaintiff contends that he "was faced with a take-it-or-leave-it adhesion contract with no opportunity to negotiate its terms." Opp. at 4. The operative terms also did not appear on the face of the Airbnb webpage/app screen and instead appeared "only via hyperlink." Id. Regarding substantive unconscionability, plaintiff asserts that the provision "creates an unreasonably unfavorable arena in which [he] must pursue his claims" by "preclud[ing] [him] from making a choice as to the administrator of the arbitration" and forcing him to pay "excessive costs" ranging anywhere from "$350 to $750 per hour for both discovery hearings and arbitration hearings." Id. at 5 (emphasis omitted). Furthermore, plaintiff alleges that Airbnb's TOS is unenforceable "browsewrap" and that there is "no evidence that [p]laintiff read the [TOS]." Id. at 6. Additionally, plaintiff claims that his claims are not arbitrable because Airbnb "specifically excludes assault and battery from their Host Liability Insurance coverage." Id. Finally, he contends that even if this Court were inclined to grant Airbnb's motion to compel arbitration, "any stay of [p]laintiff's claims should be enforced only as to [d]efendant Airbnb." Id. at 7.

In reply, Airbnb argues that "[p]laintiff does not challenge the delegation clause and ignores the limited scope of this Court's inquiry" i.e., "determining whether Plaintiff assented to the Arbitration Agreement." Reply at 2. It reasserts that "any and all gateway issues such as enforceability of the Arbitration Agreement must be decided by an arbitrator." Id. Airbnb offered "declaration and documentary evidence to conclusively establish [p]laintiff's assent" and contends that his "purported failure to read the TOS dose not render it unenforceable." Id. at 3. It claims that "[c]ourts nationwide routinely find that Airbnb accountholders ("Members") affirmatively assent to the TOS when they create their accounts and are therefore bound to arbitrate their claims against Airbnb." Id. at 3-4. Should the court reach the question of arbitrability, Airbnb argues that the arbitration clause is not procedurally unconscionable, as plaintiff "did not have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-08067-CAS(JCx) | Date | December 4, 2023 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb, Inc. et al. | | |

to" "agree to the TOS" and "could have been a guest with another online platform service or hotel." Id. at 6. Nor is the clause substantively unconscionable, as the TOS provides that "[if] . . . costs are determined by the arbitrator to be excessive, Airbnb will pay all arbitration fees and expenses." Id. at 7. Airbnb asserts that "[c]ourts throughout the United States have considered Airbnb's Arbitration Agreement and determined that it is neither substantively nor procedurally unconscionable." Id. Furthermore, Airbnb argues that plaintiff's claims "indisputably arise out of his use of the Airbnb Platform" and thus fall within the scope of the arbitration provision. Id. It concludes by reaffirming its request for a stay of litigation pursuant to Section 3 of the FAA. Id. at 8.

The Court finds that the dispute regarding whether plaintiff's claim falls within the scope of the arbitration provision should be resolved by arbitration pursuant to the delegation provision of the arbitration clause. Plaintiff assented to the terms of Airbnb's TOS when he created his account. Accordingly, any "dispute about whether this Arbitration Agreement can be enforced or applies to [the] [d]ispute" between the parties must be decided by the arbitrator. See Mot. at 3-4. The Court further stays this litigation pending the arbitrator's decision.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant Airbnb's motion to compel arbitration and stays plaintiff's claims pending the results of arbitration. The motion to compel and corresponding stay are granted solely with respect to defendant Airbnb and not with respect to any of the other defendants in this case.

IT IS SO ORDERED.

| | 00 : 02 |
|---|---|
| Initials of Preparer | CMJ |