UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:23-cv-08067-CAS-JCx | Date | April 2, 2024 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb Inc et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS' MOTION TO SET ASIDE DEFAULT (Dkt. 49, filed on March 18, 2024)

## I. INTRODUCTION

Presently before the Court is defendants' motion to set aside default. Dkt. 49. The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of April 15, 2024, is vacated, and the matter is hereby taken under submission.

On September 25, 2023, plaintiff Cody Gurule filed a complaint against defendants Airbnb, Inc., Valiant Group of California LLC, Valiant Music Group ("VMG"), Nashawn Durden, Ashton Tyler Enoch, Sire Alexander Durden, and Does 1 to 100 (collectively "defendants") in Los Angeles County Superior Court. See dkt. 1-1 ("Compl."). Plaintiff asserts claims for (1) negligence; (2) premises liability; (3) assault; (4) battery; (5) false imprisonment; (6) intentional infliction of emotional distress; and (7) negligent supervision, training, and hiring. Id. at 6-14. On September 26, 2023, defendant Airbnb removed the case to this court on the basis of diversity jurisdiction. Dkt. 1 ¶ 4.

On January 23, 2024, plaintiff requested the clerk enter default against defendants Sire Alexander Durden, Enoch, and VMG. Dkt. 35. On January 26, 2024, the clerk entered default against Sire Alexander Durden and Enoch. Dkt. 37. On January 31, 2024, plaintiff filed a corrected application for the clerk to enter default against VMG. Dkt. 41. On February 1, 2024, the clerk entered default against VMG. Dkt. 42.

On March 18, 2024, Sire Alexander Durden and Enoch (the "Moving Defendants") filed the instant motion to set aside default. Dkt. 49. On March 25, 2024, plaintiff filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08067-CAS-JCx | Date | April 2, 2024 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb Inc et al. | | |

an opposition. Dkt. 50 ("Opp."). On April 1, 2024, the Moving Defendants filed a reply in support of their motion. Dkt. 52 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Cody Gurule is a resident of Phoenix, Arizona. Compl. ¶ 3.

Defendant Airbnb is a Delaware corporation conducting business in Los Angeles, California. Id. ¶ 4. Defendant Valiant Group of California LLC is a California LLC. Id. ¶ 5. Defendant Valiant Music Group is a subsidiary of Valiant Group of California LLC. Id. ¶ 6. Defendants Nashawn Durden ("Nashawn"), Ashton Tyler Enoch, and Sire Alexander Durden ("Alexander") are all citizens of California residing in Los Angeles County, California. Id. ¶ 7-9.

Plaintiff alleges that defendants owned, managed, supervised employees and agents, and/or operated an Airbnb rental housing unit located at 1432 West 106th Street Unit 2, Los Angeles, California 90047 (the "property"). Id. ¶ 12. Defendant Nashawn is allegedly the owner of the property and resides on the premises.

Plaintiff booked a stay at the property and was scheduled to checkout sometime late in the morning of October 30, 2022. Compl. ¶ 14. At approximately 2:00am on October 30, 2022, plaintiff returned to the property and realized he had been locked out. Id. ¶ 14. Plaintiff subsequently knocked on Nashawn's door to inquire as to why the lock had changed. Id. ¶ 17. Nashawn, Enoch, and Alexander opened the door. Id. ¶ 16. The parties had a verbal exchange which escalated into a physical confrontation when plaintiff allegedly "saw one of the [d]efendants standing behind [Nashawn] pull out a knife and begin to lunge towards [plaintiff]." Id. ¶ 17. Plaintiff allegedly attempted to draw his gun in self-defense and fired one gunshot before he was pinned and stabbed over 20 times. Id. He now brings this suit against the defendants.

## III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-08067-CAS-JCx | Date | April 2, 2024 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb Inc et al. | | |

has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff.  TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001).

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-A ¶ 6:11 (2021 ed.) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  As such, the Court has broad discretion to overturn an entry of default.  Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986).  This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b).  United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010).  Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation."  Id. at 1089.  Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside.  TCI Group Life Ins. Plan, 244 F.3d at 696.

### IV.  DISCUSSION

The Moving Defendants argue that they "have not engaged in any culpable conduct."  Mot. at 5.  Rather, "they were merely unrepresented parties at the time default was requested and entered," which they contend "is also a meritorious defense for failing to appear."  Id.  They also argue that "the defaults should be set aside based upon inadvertence."  Id.  Finally, they claim that plaintiff "has done nothing to prosecute or prove [his] case and there would be no prejudice [in] set[ting] aside the default judgment."  Id.

In opposition, plaintiff argues that being "merely unrepresented" is not a meritorious defense.  Opp. at 6.  They also contend that the Moving Defendants "claim inadvertence but have not *even attempted to* explain the nature of their inadvertence."  Id. (emphasis in original).  They assert that "[d]efendants' moving papers are totally devoid of the specific facts required under controlling case law to set aside a default."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-08067-CAS-JCx | Date | April 2, 2024 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb Inc et al. | | |

Should this Court be inclined to grant the requested relief, plaintiff "requests that this Court order sanctions be paid for [p]laintiff's attorneys fees and other costs in entering the default and opposing this motion." Id. at 7.

In reply, counsel for Moving Defendants argue that they have established inadvertence, mistake, and or excusable neglect. Specifically, they contend that they "w[ere] unable to take action on behalf of [the Moving Defendants] because [their] office did not learn that [they] would be representing [the Moving Defendants] until *after* defaults were entered." Reply at 2. Moreover, they assert that the Moving Defendants "are not attorneys and thus their inability to appear on behalf of themselves without any warning of a default should be seen as excusable neglect by this Court." Id. The Moving Defendants were also allegedly "unaware that they had to take action because . . . [they] were awaiting their insurance carrier to officially assign this matter to [counsel for defendants]." Id. at 3. Additionally, the Moving Defendants argue that they have a meritorious defense and list "specific facts" explaining why they were unable to respond prior to default being entered. Finally, they contend that plaintiff has failed to show he would be prejudiced in the event default were set aside.

The Court finds that the default should be set aside. A movant's conduct may be culpable if there is "*no explanation* of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Insurance Plan, 244 F.3d at 696 (emphasis added). "[A] movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010). Here, the defaulting parties' failure to respond appears to be the result of their lack of familiarity with the legal system and their misconception that their insurance carrier would handle this matter, not an intent to take advantage of plaintiff or to otherwise manipulate the legal process.

Additionally, the Court assumes that defendants have a meritorious defense. "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d at 1094. The "*court's own assumption* [may be a] sufficient indication of the existence of a meritorious defense." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-08067-CAS-JCx | Date | April 2, 2024 |
|---|---|---|---|
| Title | Cody Gurule v. Airbnb Inc et al. | | |

§ 2697 (4th ed. 2023) (quoting Trueblood v. Grayson Shops of Tenn., Inc., 32 F.R.D. 190, 196 (E.D. Va. 1963)).

Finally, setting aside the default will not meaningfully prejudice plaintiff, as "[n]o prejudice exists . . . where setting aside default merely delays resolution of the case." Id. at 599.

Accordingly, the Court **GRANTS** the Moving Defendants' motion to set aside the default. The Court **DENIES** plaintiff's request for attorneys' fees.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendants' motion to set aside default. The Court **DENIES** plaintiff's request for attorneys' fees. Defendants are directed to refile their answer by April 29, 2024.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |